IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHARLES FRANCIS HURT, JR.**     **PETITIONER**

**v.**     **No. 3:19CV49-MPM-JMV**

**UNITED STATES OF AMERICA**     **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Charles Francis Hurt, Jr., who challenges the forfeiture of his property under the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983. The plaintiff alleges that the government improperly seized his property and that the procedure used during forfeiture was flawed. The government has moved for summary judgment, and Mr. Hurt has responded. For the reasons set forth below, the government's motion for summary judgment will be granted, and the instant case will be dismissed for want of standing.

**Facts and Procedural Posture**

Charles Francis Hurt, Jr. ("Hurt") seeks the return of several items of personal property that were seized on June 5, 2015, from his residence in Southaven, Mississippi during the execution of a federal search warrant in connection with Mr. Hurt's arrest for violations of Title 18, United States Code, Section 2422(b) (Attempted Coercion/Enticement of a Minor).[1] The property at issue was seized by U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations

---

[1] Mr. Hurt does not name the specific property in his Motion. He did, however, attach a "Notice of Seizure and Information to Claimants Form CAFRA" as EX: 15-B to his Motion that contains a listing of personal property for which the Government sought forfeiture. The instant opinion involves all items listed in EX: 15-B.

(HIS), under 18 U.S.C. § 2254, as the property was used in the transportation of sexually explicit visual depictions involving the use of minors engaging in sexually explicit conduct and/or materials constituting or containing child pornography, and it was also used to attempt to engage in sexual contact with a minor. Hurt Motion, EX:15-B.

On November 5, 2015, Mr. Hurt pled guilty to Count One of a superseding indictment that charged him with attempted Coercion/Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b).[2] A copy of Mr. Hurt's Plea Agreement is attached to the Government's Motion for Summary Judgment as Exhibit A. He is currently serving a 120-month sentence. The property at issue was declared forfeited to the United States via a Declaration of Administrative Forfeiture on December 31, 2015. A copy of the Declaration of Administrative Forfeiture is attached to the Government's Motion for Summary Judgment as Exhibit B. An Order to Destroy and Record of Destruction of Forfeited, Abandoned, or Unclaimed Merchandise for the property at issue was executed on May 4, 2017. A copy is attached the Government's Motion for Summary Judgment as Exhibit C.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] Mr. Hurt was prosecuted in the United States District Court for the Southern District of Texas, Laredo Division. The property at issue was seized from Mr. Hurt's residence in Southaven, Mississippi, within the Northern District of Mississippi. The Factual Basis supporting Mr. Hurt's guilty plea is detailed in the Plea Agreement attached as Exhibit A.

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## The Civil Asset Forfeiture Reform Act ("CAFRA")

The forfeiture proceedings in this case are governed by the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983. Subsection (e) provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e).

When CAFRA was enacted in 2000, its statutory provisions became "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983 (e)(5). The statute also provides that a motion seeking to set aside forfeiture may be filed no later than 5 years after the date of final publication of notice of seizure of the property. 18 U.S.C. § 983 (e)(3).

The remedy provided for in 18 U.S.C. § 983(e) is exclusive, and once an administrative forfeiture is complete, a district court may only review whether the forfeiture comported with constitutional due process guarantees – and may not address the merits of the forfeiture. *United States v. Robinson*, 434 F. 3d 357, 362 (5th Cir. 2005). Notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the forfeiture action and afford them an opportunity to present their objections." *Id*. Thus, the court's review of Mr. Hurt's request for the

return of property is limited to deciding whether the administrative forfeiture at issue comported with due process guarantees.

**Administrative Forfeiture**

Under 19 U.S.C. § 1607(a), when the Government seizes property valued at less than $500,000 or any monetary instrument, it may use administrative forfeiture proceedings, but must provide notice before forfeiting the property or money. To satisfy the notice requirement, the Government must (1) publish notice of the administrative forfeiture and (2) send written notice to any party who appears to have an interest in the seized property. *See* 19 U.S.C. § 1607(a). A party receiving a notice may file a claim by the deadline, which may not be earlier than 35 days after the date the letter is mailed, to contest the forfeiture. 18 U.S.C. § 983 (a)(2)(B). If a claim is filed, the administrative proceeding ceases, and the matter is referred to the appropriate United States Attorney for the initiation of judicial forfeiture proceedings. If no claim is filed, the property is summarily forfeited to the Government.

**Mr. Hurt Has No Standing to Challenge the Forfeiture,
As He Waived That Right in His Plea Agreement**

On November 5, 2015, Mr. Hurt pled guilty to Count One of a superseding indictment that charged him with attempted Coercion/Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b) in Criminal Cause No. 5:15-CR-662 in the United States District Court for the Southern District of Texas, Laredo Division. The Plea Agreement Mr. Hurt executed provides:

### Forfeiture

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

*See* Exhibit A, p.12

Any action brought before a federal court requires the party initiating the action to establish that they have the proper standing to raise a claim. *United States v. $38,570 United States Currency*, 950 F.2d 1108, 1111 n.3 (5th Cir. 1992). A party seeking to challenge the Government's forfeiture of property must demonstrate at least a facially colorable lawful interest in the seized property. *Id*. at 1112. A party that agrees to the forfeiture of property in a plea agreement lacks standing to contest the forfeiture of the property. *United States v. $8,720 United States Currency*, 264 F.3d 1140, 1140 (5th Cir. 2001); *see also Beckett v. United States*, 2010 WL 11610445, *5 (W.D. TX 2010) (Defendant that abandoned all interest in property in plea agreement lacks the standing to challenge the forfeiture and see the return of property).

Mr. Hurt expressly waived his interest in the property at issue and agreed to its forfeiture in his plea agreement. He executed the plea agreement with the assistance of counsel. Charles Hurt's abandonment of his interest in the property at issue within his plea agreement deprives him of standing to challenge the Government's forfeiture of property.

### Conclusion

For the reasons set forth above, the government's motion for summary judgment will be granted, and the instant case will be dismissed with prejudice for want of standing. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of June, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**